UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALISSA GLASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:22-cv-02661-SHM-tmp |
| | ) |
| TIPTON COUNTY SHRIFF'S DEPARTMENT, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER MODIFYING THE DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE;
DENYING LEAVE TO AMEND;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING GLASS OF THE APPELLATE FILING FEE;
NOTIFYING GLASS OF THE COURT'S STRIKE RECOMMENDATION
UNDER 28 U.S.C. § 1915(g);
AND CLOSING CASE

On September 26, 2022, Plaintiff Alissa Glass filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) When Glass filed the complaint, she was incarcerated at the Women's Therapeutic Residential Center (the "WRTC"), in Henning, Tennessee, and was assigned Tennessee Department of Correction (the "TDOC") prisoner identification number 00590645. (ECF No. 1 at PageID 1-2 & 5; ECF No. 1-3 at PageID 15.) (*See also* https://foil.app.tn.gov/foil/details.jsp (TDOC Felony Offender Information website, showing that Glass is serving an eight-year sentence for drug offenses committed in 2017 and 2020, and she is assigned presently to the Chattanooga Probation & Parole Office, in Chattanooga, Tennessee) (last accessed Apr. 15, 2025).) On January 12, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 7.)

In the complaint, Glass alleges that, on October 28, 2020, she "was subjected to an aggressive and illegal search conducted at her place of residence [the "Search"] by Deputy Gross and Sergeant Washam[,] [who] […] were employed by [the] Tipton County Sheriff's Department and operating under the direct supervision of Sheriff Chumley." (ECF No. 1 at PageID 4.) Glass alleges that the Search "violated not only her privacy but Plaintiff's Fourth Amendment Constitutional rights." (*Id*.) Glass does not allege facts about the circumstances of the Search or whether the Defendants seized anything during the Search. (*See id*.)

Glass sues: (1) the Tipton County Sheriff's Department (the "TCSD"); (2) Tipton County Sheriff J.T. Chumley; (3) Tipton County Deputy Tim Gross; (4) Sergeant Jimmy Washam; and (5) the Tipton County Justice Center (the "TCJC"). (*Id*. at PageID 2-4.) Glass sues Sheriff Chumley, Deputy Gross, and Sergeant Washam (collectively, the "Individual Defendants") in their official and individual capacities. (*Id*.)

Glass seeks: (1) one million dollars ($1,000,000.00) in compensatory damages; (2) one million dollars ($1,000,000.00) in punitive damages; (3) fees and costs; and (4) an "order [that] the Defendants review search protocols of the [TCSD] to ensure that this does not happen to another private citizen." (*Id*. at PageID 4.)

The Clerk shall MODIFY the docket to add Tipton County, Tennessee (the "County") as a Defendant.

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law; and (2) leave to amend is DENIED.

I. **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

3

II. **REQUIREMENTS TO STATE A CLAIM UNDER § 1983**

Glass sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III. **ANALYSIS**

A. **Claim Against The TCJC**

To the extent Glass alleges a claim under § 1983 against the TCJC, the complaint fails to state a claim to relief as a matter of law. Under § 1983, a jail is not a "person" subject to suit. *Marbry v. Corr. Med. Serv.*, 238 F.3d 422 (table), No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Glass's claim against the TCJC is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

B. **Claim Against The TCSD**

To the extent Glass alleges a claim under § 1983 against the TCSD, the complaint fails to state a claim to relief as a matter of law. It is well-established in the Sixth Circuit that a police department is not a proper defendant in a § 1983 action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("[T]he Police Department is not an entity which may be sued"). "[S]ince *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010). Glass's claim against the TCSD is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

C. **Claim Against The Individual Defendants In Their Official Capacities**

Glass's official capacity claims against the Individual Defendants (*see* ECF No. 1 at PageID 2-4) are treated as municipal capacity claims against their employer – *i.e.*, the County.

*See Shelby v. Tenn.*, No. 2:17-cv-02605-TLP-tmp, 2019 WL 1519312, at *2 (W.D. Tenn. Apr. 8, 2019) (in screening the *pro se* complaint's official capacity claims under § 1983 against individual defendants employed by a municipality, the Court construed the official capacity claims as against the local government itself, although the municipality was not a named defendant); *Mathias v. Thomas*, No. 1:16-cv-01091-JDT-cgc, 2019 WL 419290, at *2-3 (W.D. Tenn. Feb. 1, 2019) (*pro se* prisoner plaintiff's official capacity claims against individual defendants employed by the Gibson County Correctional Complex were construed as against Gibson County); *see also Williams*, 631 F.3d at 383 (*pro se* complaints are to be liberally construed).

"A municipality or other local government may be liable under [§ 1983] if the governmental body *itself* subjects a person to a deprivation of [constitutional] rights or *causes* a person to be subjected to such deprivation." *Richmond v. Huq*, 885 F.3d 928, 948 (6th Cir. 2018) (emphasis added) (internal quotation marks omitted), *reh'g en banc denied* (May 17, 2018). "A municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Stanfield v. City of Lima*, 727 F. App'x 841, 851 (6th Cir. 2018) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). To demonstrate municipal liability, a plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [her] particular injur[y] [was] incurred due to execution of that policy." *Morgan v. Fairfield Cnty., Ohio*, 903 F.3d 553, 566 (6th Cir. 2018) (quoting *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)), *cert. denied*, 139 S. Ct. 1377 (2019). *See also Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Glass fails to allege a municipal policy or custom of the County that deprived her of a constitutionally protected right. (ECF No. 1 at PageID 4.) She has, therefore, failed to state a claim against the County and the Individual Defendants in their official capacities. That, however, is not the only defect in Glass's claims against the County and the Individual Defendants in their official capacities. For the reasons explained *infra* in Section III.D., Glass's official capacity

5

claims, her individual capacity claims, and her claims against the County must be DISMISSED WITH PREJUDICE because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### D. Claim Against All Defendants For Search In Violation Of The Fourth Amendment

Glass alleges that the Search violated her "privacy" and her "Fourth Amendment constitutional rights." (ECF No. 1 at PageID 4 (the "Search Claim").)[1] Glass does not allege facts supporting her contention that the Search was unconstitutional. (*See id.*)

It is well-settled that if a search produces evidence used to obtain a conviction, a § 1983 claim alleging the search was illegal is barred unless the conviction is overturned. "Fourth Amendment claims arising out of searches occurring prior to [a] [p]laintiff's [conviction] and incarceration [are] precluded by *Heck v. Humphrey*, [512 U.S. at 487], on the grounds that a civil suit holding that these searches were improper would undermine the basis of [plaintiff's conviction] and sentence." *Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008); *see also Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396, 398–99 (6th Cir. 1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted plaintiff cannot bring a § 1983 claim challenging the search until the conviction is overturned unless the evidence was admitted under an exception to the exclusionary rule), *overruled in other part, Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that *Heck* bars the pursuit of a Fourth

---

[1] Glass purports to allege two separate causes of action in the complaint: (1) violation of her right to "privacy"; and (2) violation of her "Fourth Amendment Constitutional rights." (ECF No. 1 at PageID 4.) Glass misunderstands the nature of claims under the Fourth Amendment. Privacy is an element of a claim of unreasonable search under the Fourth Amendment. To establish that law enforcement violated a person's Fourth Amendment rights by conducting an unreasonable search, a plaintiff must show that she had a legitimate expectation of privacy in the place searched. *United States v. Rogers*, 97 F.4th 1038, 1041 (6th Cir. 2024). To establish a legitimate expectation of privacy in the place searched, a plaintiff must show that she had: (1) a subjective expectation of privacy in the place searched; and (2) that expectation was one society is prepared to recognize as reasonable. *Id.* at 1041-42.

6

Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest).

Here: (1) Glass's eight-year sentence for an October 28, 2020 drug offense was imposed on May 23, 2022, with a December 7, 2020 sentence effective date; and (2) her eight-year sentence for a December 14, 2018 drug offense was imposed on March 22, 2018, with a December 14, 2017 sentence effective date. (*See* https://foil.app.tn.gov/foil/details.jsp (TDOC Felony Offender Information website (last accessed Apr. 15, 2025).) Under the Supreme Court and Sixth Circuit precedent outlined above, the Search Claim cannot proceed because a finding that the Search was illegal would undermine the basis of Glass's criminal convictions. Glass does not allege that her convictions have been overturned. *See Shamaeizadeh*, 182 F.3d at 396, 398–99. The Search Claim against all Defendants, including Glass's allegations against the Individual Defendants in their official and individual capacities, is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

## IV.   **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a District Court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court DENIES leave to amend. Amendment would be futile because the sole claim in the complaint -- *i.e.*, the Search Claim -- is barred by *Heck v. Humphrey*, 512 U.S. 477, and the complaint therefore fails to state a claim to relief as a matter of law.

## V.    APPELLATE ISSUES

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Glass would not be taken in good faith. If Glass nevertheless chooses to file a notice of appeal, she must either: (1) pay the entire six hundred and five dollar ($605.00) appellate filing fee or, if she is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of her inmate trust account statement for the last six months, in compliance with 28 U.S.C. § 1915(a)-(b).

## VI.   NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

## VII.  CONCLUSION

For the reasons explained above:

**A.**    The complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend the complaint is DENIED.

**B.**    The Court recommends that this dismissal be treated as a strike pursuant to § 1915(g). *See Simons*, 996 F.3d 350.

      **C.**    The Court CERTIFIES that an appeal would not be taken in good faith and DENIES leave to proceed *in forma pauperis* on appeal.

      **D.**    This case is DISMISSED in its entirety.

IT IS SO ORDERED, this  15th  day of April, 2025.

                                                    /s/ *Samuel H. Mays, Jr.*
                                                    SAMUEL H. MAYS, JR.
                                                    UNITED STATES DISTRICT JUDGE